**7**

MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone (209) 477-3833
Facsimile (209) 473-4818
WILLIAM J. GORHAM, III
CA State Bar No. 151773

Special Counsel for Chapter 7 Trustee Kimberly Husted

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## (SACRAMENTO DIVISION)

| | |
|---|---|
| In re<br><br>RICHARD BUHLER AND JANET BUHLER,<br><br>               Debtors. | Case No.: 2013-34329-C-7<br>DC No. WJG-1<br>**TRUSTEE'S APPLICATION FOR COMPENSATION OF TRUSTEE'S SPECIAL COUNSEL, WILLIAM J. GORHAM III**<br>[11 U.S.C. § 330(a)]<br><br>Date:  September 9, 2020<br>Time:  10:00 a.m.<br>Dept:  C |

Kimberly J. Husted ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of Richard and Janet Buhler ("Debtors"), and pursuant to 11 U.S.C. § 330(a), hereby applies for an order approving final compensation of the Trustee's special counsel, William J. Gorham III of Mayall Hurley P.C. ("Special Counsel") in the amount of $195,000 for fees, and $22,373.92 for expenses. In support of this application, the Trustee submits the following:

## I. JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1408 and 1409. This application is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. This Court recently approved two settlements against former lawyers of the Debtors representing $450,000, $250,000 in resolution of the claims against Borton Petrini, Bradley Post, and $200,000 in resolution of the claims against Frank Law Group and Brett Rosenthal. Doc 264, and Doc 271.

3. Both settlements were prosecuted by Special Counsel, who was approved as contingency fee counsel for Trustee by the Court by its order on October 13, 2015. Docs 197-203. Contingency fee arrangements are authorized by 11 U.S.C. § 328(a).

4. By the terms of the contingency fee contract, the applicable fee was to be determined by the timing of the resolution of the matter, including, as pertinent here:

     a.    40% of any sum recovered if settled more than 180 days after the filing of an Answer to the lawsuit; (Doc 203 and Doc 198)

     b.    47.5% of any sum recovered if settled after any appellate court proceeding initiated by a defendant, or the court denies a defendant's Motion for Summary Judgment and rules the case merits a trial; (Doc 203 and Doc 198)

## II. <u>SERVICES OF SPECIAL COUNSEL</u>

5. The Debtors were driven to bankruptcy because of a judgment against them in a law suit styled *Jones, et at. v. Buhler et al.*, Amador County Superior Court Action Number 11-CV-7618 ("Underlying Action.") Gorham Decl., ¶ 3. The Underlying Action involved a motor vehicle accident that occurred on March 17, 2011. Gorham Decl., ¶ 3. Upon review of the discharge of the legal duties owed to the Debtors by their automobile insurance company, IDS Property Casualty Insurance Company ("IDS") and legal counsel representing the Debtors during the Underlying Action, the Trustee determined said legal duties appeared to have been breached. Gorham Decl., ¶ 3. The Trustee retained Special Counsel, on a contingency basis as referenced above, in order to prosecute claims against IDS and attorneys Frank Law Group PC, Brett Rosenthal, Borton Petrini LLP, and Bradley Post ("Attorneys"). Gorham Decl., ¶ 4.

6. Based on a strategic decision, the claims were brought in separate legal actions even though there were many overlapping factual and legal issues. Gorham Decl., ¶ 4. In

fact, the claim against IDS was brought as part of an already existing declaratory relief action brought by Creditors Mark and Melanie Jones (who were the plaintiffs in the Underlying Action). Gorham Decl., ¶ 4. That action is *Jones et al. v. IDS Property Casualty Insurance Company et al., Amador County Superior Court Action No. 14-CV-8864* ("IDS Action"). The action against the Attorneys is *Janet and Richard Buhler, and Chapter 7 Bankruptcy Trustee Kimberly J. Husted (Real Party in Interest) v. The Frank Law Group, P.C.; Brett E. Rosenthal, Borton Petrini LLP; Bradley A. Post, et al., Placer County Superior Court Action No. SCV0036850* ("Malpractice Action"). Gorham Decl., ¶ 4. The Malpractice Action was filed on October 30, 2015. Gorham Decl., ¶ 4. Statutory attorneys' fees were not an element of damages in the IDS Action or Malpractice Action. Gorham Decl., ¶ 5.

7. At the heart of the IDS Action was IDS' refusal to tender the second limit of the Debtors' $250,000/$500,000 insurance policy that the Creditor Joneses contended was triggered because of the loss of consortium claim by Creditor Melanie Jones. Gorham Decl., ¶ 6. On December 12, 2014, in denying a motion for summary judgment by IDS, the Amador County Superior Court entered an order ruling that IDS' policy was ambiguous whether the second limit was triggered by the loss of consortium claim. Gorham Decl., ¶ 6. Notwithstanding that order, IDS refused to tender its second limit when demand to do so was made by the Creditor Joneses, and by the Trustee. Gorham Decl., ¶ 7.

8. The IDS action proceeded to trial, at which time the Amador County Superior Court changed its ruling and determined that only a single limit was triggered notwithstanding the loss of consortium claim. Gorham Decl., ¶ 7. This decision was unsuccessfully appealed to the California Third District Court of Appeal, essentially ending the IDS Action. Gorham Decl., ¶ 7.

9. Concurrently with the prosecution of the IDS Action, Special Counsel prosecuted the Malpractice Action. Gorham Decl., ¶ 8. As said, the claims against Borton Petrini LLP and Bradley A. Post, settled for $250,000 through a mediation with Honorable Richard Gilbert (Ret.), held on December 5, 2019. Gorham Decl., ¶ 9.

10. On February 6, 2020, the Placer County Superior Court issued an order denying a motion for summary judgment brought by Frank Law Group and Brett Rosenthal. Gorham Decl., ¶ 10. On March 6, 2020, the claims against Frank Law Group and Brett Rosenthal settled for $200,000 at mandatory settlement conference held before Judge Pro Tem, William Allen Wilson (a practicing lawyer since 1961). Gorham Decl., ¶ 11.

11. In prosecuting the Malpractice Action, Special Counsel:

    a. Prepared a complaint, first amended complaint, and second amended complaint;

    b. Opposed 4 demurrers and 4 motions to strike;

    c. Opposed 4 motions for summary judgment and/or summary adjudication;

    d. Opposed 2 motions to stay proceedings;

    e. Reviewed over 28,000 pages of documents produced in discovery;

    f. Prepared and responded to multiple rounds of written discovery;

    g. Took or defended 17 depositions, nearly all of which required travel outside of San Joaquin County where Special Counsel maintains his office;

    h. Attended a mediation and settlement conference; and,

    i. Prepared for trial.

Gorham Decl., ¶ 8.

### III. CONTINGENCY FEE AND LODESTAR

12. The lodestar method of multiplying the number of hours worked by a reasonable hourly rate plus actual costs is presumptively the reasonable value of services rendered. *Burgess v. Klenske (In re Monoa Finance Co.)* 853 F.2d 687, 691-692. Special Counsel spent 1,288 hours prosecuting the Malpractice Cases. Gorham Decl., ¶ 14. In Special Counsel's last contingency case trial in which statutory fees were awarded in 2019, the Los Angeles Superior Court approved Special Counsel's hourly rate at $525 per hour. Gorham Decl., ¶ 13. In class action settlements in the state and federal courts in California, Special Counsel's hourly rate is routinely approved above $500 per hour. Gorham Decl., ¶ 13. *Special Counsel's hourly rate for non-contingent fee litigation is at or above $300 per*

1  hour, depending on the complexity of the matter, and the certainty of payment by a
2  particular client.  Gorham Decl., ¶ 13.

3       13.  Special Counsel worked 1,288 hours in the Malpractice Action.  Gorham Decl.,
4  ¶ 13.  Application of a conservative, non-contingent rate of $300 per hour, would yield a
5  lodestar of $386,400.00.  Adding a contingency component of 50%, would yield a rate of
6  $450 per hour and, correspondingly, a 50% increase in the lodestar to $579,600.

7       14.  Because the claims against Borton Petrini and Bradley A. Post settled after 180
8  days but before a decision on its then pending motion for summary judgment had occurred,
9  the applicable contingency fee is 40% of the $250,000 settlement, or $100,000.  Doc 203,
10  Doc 198, Gorham Decl., ¶ 15.

11       15.  Because the claims against Frank Law Group and Brett Rosenthal settled after
12  the denial of their motion for summary judgment, the applicable contingency fee is 47.5%
13  of the $200,000 settlement, or $95,000.  Doc 203, Doc 198, Gorham Decl., ¶ 16.  Thus, the
14  total contingency fee rate is $195,000 plus costs (addressed below.)

15       16.  The lodestar "range" of $386,400 to $579,600 exceeds the $195,000
16  contingency fee sought through this application.  Even though the law would permit Special
17  Counsel to seek "reasonable compensation" for services at the lodestar figures, Special
18  Counsel is seeking the $195,000 and costs as provided for in the previously agreed upon
19  contingency fee agreement.  Gorham Decl., ¶ 17.  Special Counsel submits that based on
20  the above, the request for $195,000 in fees based on the contingency agreement is
21  reasonable.  Gorham Decl., ¶ 17.

22       17.  Costs are recoverable under the contingency fee contract approved by this
23  Court:

24       . . .IT IS THEREFORE AGREED:

25  That MAYALL, HURLEY P. C. may, at its sole option, advance costs  incurred in
26  the investigation and prosecution of said claim. In the event of  recovery, said costs
    shall be paid back to MAYALL, HURLEY P. C. from client's part of the recovery.
27  THE ATTORNEY IS TO RECEIVE THE   PERCENTAGE FEE OF THE
    RECOVERY BEFORE ANY DEDUCTION FOR SETTLEMENT
28  DISBURSEMENT AND COSTS INCURRED.

Doc 203, and Doc 198.

18. Special Counsel incurred and advanced expenses in the prosecution of the Malpractice Action of $27,373.92. Gorham Decl., ¶ 19. The expenses are categorized as follows:

     a. Depositions and Transcripts: $14,994.29

     b. Travel: $2,727.14

     c. Witness Fees: $3,000.00

     d. Mediation: $1,666.67

     e. Filing Fees/Court Call: $3,266.45

     f. Service: $472.60

     g. Postage/Delivery: $1,246.77

Gorham Decl., ¶ 19.

19. In total, Special Counsel asks for expenses of $27,373.92.

## IV. **FACTORS TO BE CONSIDERED BY THE COURT**

20. In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

Trustee's Application for Compensation of Trustees' Special Counsel, William J. Gorham III

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 USC § 330(a)(3).

21.   The fee and rate factors are addressed above.  The value to the estate is $450,000, which was promoted as reasonable by a mediator and judge pro tem and has been approved as such by this Court.  Doc 264, Doc 271.  The Special Counsel was selected and approved by the Trustee and her general counsel, Tom Mouzes, Esq.  It is unknown to Special Counsel whether others would have taken the risk of non-payment of fees and non-reimbursement of expenses.  As borne out by the sudden change of position by the trial court in the IDS Action, such risk was great and was in fact actualized.

22. Wherefore, Special Counsel applies for the payment of fees of $195,000, and costs of $27,373.92, for a total of $ 222,373.92.

**DATED:** August 6 , 2020                                    **MAYALL HURLEY P.C.**

By: _____
                                                WILLIAM J. GORHAM, III
                                                Attorneys for Plaintiff Bankruptcy
                                                Trustee Kimberly J. Husted

---

Trustee's Application for Compensation of Trustees' Special Counsel, William J. Gorham III